STATE OF IOWA, Appellant, v. J. C. BONHAM.

**Physicians:** ITINERANT VENDER OF DRUGS. The statute which requires itinerant venders of drugs who profess by writing to cure diseases to have a license (McClain's Code, 2532) does not apply to a physician who is conceded to be skillful, advertises that he will be at a specified place at a given time to treat his patients for specified diseases and who uses his own medicines instead of giving prescriptions.

*Appeal from Mahaska District Court.*—HON. B. McCOY, Judge.

TUESDAY, DECEMBER 10, 1895.

The defendant was indicted upon a charge of being an itinerant vender of drugs and medicine, intended for the treatment of diseases, and for advertising himself as a healer of disease, by the use of

drugs and nostrums, manipulations, and other expedi-
ents, the defendant not having a license as such, as
required by law. A trial was had, and, at the close of
the introduction of the evidence in behalf of the state,
the court directed the jury to return a verdict of not
guilty and the defendant was discharged. The state
appeals.—*Affirmed.*

*Milton Remley,* attorney general, *Jas. Carroll,*
county attorney, and *Liston McMillen* for the state.

*O. C. G. Phillips* and *B. W. Scott* for appellee.

Rothrock, J.—During the progress of the trial the
following concession was made on the part of the
prosecution: "It is conceded that Dr. Bonham's res-
idence is in Ottumwa, Iowa, and has been for the last
four years; that he has been a practicing physician in
the state of Iowa for the last eleven years; that he
holds a certificate from the state board of medical
examiners; that that certificate has been recorded in
Wapello county, Iowa, and in Mahaska county, Iowa;
that he holds diplomas from three medical colleges;
that he is an able physician, and successful above the
average of his profession in the treatment of disease."
The evidence shows that the defendant caused to be
inserted advertisements in two newspapers, published
in the city of Oskaloosa, Mahaska county, which, in
substance, were as follows: That he would be at the
Birdsall Hotel in Oskaloosa every Tuesday from 10
o'clock A. M. to 6 P. M., for the purpose of treating his
many patients. That he made a specialty of chronic
diseases and rupture, and that he would treat catarrh
of the nose, throat, and lungs in a most successful
manner. He also named other diseases which he would
treat, such as chronic stomach troubles, liver, kidney,
and kindred diseases. Two or three witnesses were
examined who had been under treatment with the

defendant at Oskaloosa. It appears from the testimony of these witnesses that the defendant treated them for rupture. That he sold them no medicine or drugs as such. One witness stated that the defendant furnished him "a truss, and administered medicine by hypodermic injection, with a needle, where the rupture was." Another witness testified that the defendant treated him for rupture by fitting a truss on him, and injecting medicine; that the truss used belonged to the witness, and was not furnished by the defendant. The indictment was founded upon section 2532 of McClain's Code, which provides that "any itinerant vender, of any drug, nostrum, ointment, or appliance of any kind intended for the treatment of diseases or injury, who shall by writing or printing or any other method publicly profess to cure or treat diseases or injury or deformity by any drug, nostrum, manipulation, or any other expedient shall pay a license of one hundred dollars per annum.   *    *    *"

We have stated sufficient of the facts to show that the case demands very brief consideration. The defendant did not advertise, nor propose to vend or sell, anything prohibited by this statute. He did not even sell the trusses which he used, but refused to do so. He advertised himself as a skillful physician, which he is conceded to be. He named no drug or ointment, or anything mentioned in the statute, which he would sell, nor any kind of manipulation or other expedient to be employed in treating disease. He advertised his skill as a physician, and nothing more, and the defendant was not shown to be a "vender," in the sense in which the word is used in the statute. It is conceded that he is not a vender in a criminal sense, but it is claimed that he vends medicine in a professional sense. The facts show that he undertook to effect cures for a named consideration, and, like many other physicians, he did not write prescriptions

to be put up at drug stores, but used his own medicines. By so doing he was not a traveling or itinerant vender of drugs, nostrums, or ointments, or anything else prohibited by statute. The law which the prosecution invokes for the punishment of the defendant was not intended to designate the regular medical practitioner as an itinerant vender. The purpose was to tax such itinerant venders as go from place to place advertising and selling proprietary medicines, such as "Wizard Oil" and the like. The case of *Snyder v. Closson*, 84 Iowa, 184 (50 N. W. Rep. 678), is an apt illustration of the itinerant vender named in the statute. The order directing a verdict of not guilty is *affirmed*.