H. K. SNYDER, Appellee, v. W. E. CLOSSON, Appellant.

License: ITINERANT VENDOR OF PROPRIETARY MEDICINES. A manufacturer of and dealer in proprietary medicines, having a permanent manufactory and residence in one county and upon which he pays taxes, but who, during certain periods of the year, attends the county fairs for the purpose of advertising and introducing his medicines, and who publicly recommends his medicines as a cure for certain diseases, is an itinerant vendor of drugs and nostrums, within the provisions of chapter 75, section 12, Acts of 1880, requiring such persons to pay a license of one hundred dollars per annum.

*Appeal from Buchanan District Court.*—HON. JOHN J. NEY, Judge.

FRIDAY, DECEMBER 18, 1891.

ACTION upon a promissory note. The cause was tried without a jury, and judgment was rendered for the plaintiff. The defendant appeals.—*Affirmed.*

*E. E. Hasner* and *Chas. E. Rauseir*, for appellant.

*H. W. Holman*, for appellee.

BECK, C. J.—I. The defendant, for an answer to the petition, shows that he is a resident of Independence, and a dealer in proprietary medicines, having his fixed and permanent place of business in the town of his residence; that while in Charles City, introducing and advertising his medicines, the plaintiff demanded that he should pay one hundred dollars, for which the plaintiff would procure for the appellant a license from the commissioners of pharmacy, authorizing the defendant to act as an itinerant vendor of drugs and nostrums, and to act as a traveling "quack doctor," and the plaintiff threatened that, unless defendant would pay or give his note for one hundred dollars, the plaintiff would file an information against him and cause his arrest at Charles City; that to avoid the threatened arrest, though guilty of no violation of the law, as the plaintiff charged, he gave to the plaintiff the note in suit, which the defendant alleges is wholly without consideration and void. The court below found the following facts, upon which judgment was rendered for the plaintiff: "That the defendant is a manufacturer of proprietary medicines, having his permanent manufactory and residence in Independence, Iowa, on which he pays taxes into the treasury of Buchanan county, Iowa, and from which he supplies drug stores and other stores throughout the state, and also supplies such as call for his remedies, both wholesale and retail. That such business has been conducted in such manner for several years. That during the fall of 1889, and up to September 20th of that year, the defendant attended the county fairs in different parts of the state, and at such places, for the purpose of advertising and introducing his medicines, caused a booth to be erected, and had a band of music and singers, and made speeches to the people, setting forth what he claimed his medicines would cure, and sold said medicines to all persons he could induce to purchase the same. Among said med-

icines was a pain relief, a dyspepsia cure, and a liniment for animals, whose curative properties he stated. That the defendant claimed his said remedies would cure diseases and injuries to man and beast. That the plaintiff claimed that such acts constituted the defendant an itinerant vendor of drugs and nostrums, and a traveling doctor, and threatened to cause the defendant to be arrested as such itinerant vendor and traveling doctor under sections 2532 and 2534 of McClain's Code. That the defendant is not a doctor, and does not claim to be one, nor does he diagnose or treat diseases, except in selling his proprietary medicines as above set forth. That for the purpose of avoiding such arrest the defendant gave the note in controversy, and the plaintiff, who is one of the commissioners of pharmacy, issued to him the license, which is attached hereto and made a part of these findings."

II. Chapter 75, Acts of the Eighteenth General Assembly, 1880, section 10 (Miller's Code, p. 1282) contains this provision: "Any itinerant vendor of any drug, nostrum, ointment, or appliance of any kind, intended for the treatment of diseases or injury, who shall by writing or printing or any other method publicly profess to cure or treat diseases or injury or deformity by any drug, nostrum or manipulation, or other expedient, shall pay a license of one hundred dollars per annum."

III. The only question in the case is this: Upon the facts, as found by the court below, is the defendant subject to this statute? He clearly was an itinerant vendor of the nostrums patented or proprietary medicines which he advertised, for, according to the findings of the court, he traveled to the fairs in different parts of the state and "sold his nostrums to all persons he could induce to purchase." To constitute an "itinerant vendor" it is not necessary that the person should travel all the time, and have no fixed place of sale. He may have a

License: itinerant vendor of proprietary medicines.

place of business where he sells his goods during a part of the time, and he may travel for the sale of his medicines at other times. It cannot be said that one who has a drug store in one town of the state, which he superintends and personally manages a part of the time, may the other part of the year travel through the state to the county fairs, and put off his nostrums by the acts disclosed in the finding of facts. Section 12 of the act just quoted authorizes any person not a registered pharmacist to sell proprietary medicines, but it does not authorize all persons to itinerate for the purpose of making such sales. The finding of facts showed that the defendant did publicly recommend his nostrums as a remedy for diseases. He thus, in the language of the statute cited, did "publicly profess to * * * cure diseases" by the nostrums he sold.

We reach the conclusion that the defendant was subject to the statute, and liable for the amount prescribed as payment for the license. The judgment of the district court is AFFIRMED.