THE STATE OF IOWA, To Use of IOWA COMMISSION OF
PHARMACY, Appellee, v. F. C. A. GOUSS,
Appellant.

1. **Constitutional Law**: UNIFORMITY IN OPERATION OF STATUTES:
ITINERANT VENDER OF DRUGS: LICENSE. Section 2532 of McClain's
Code requiring intinerant venders of drugs who publicly profess to
cure or treat diseases by any drug, nostrum, manipulation or other
expedient, to pay a license of one hundred dollars per annum, is not
unconstitutional as discriminating in favor of the citizens of one city
and against all other resident merchants of the state, or in favor of
domestic remedies, and against all others, and, therefore, in conflict
with section 6 of article 1 of the constitution of this state, prohibiting
the grant of privileges or immunities to one class of citizens not
extended to all citizens upon the same terms.

2. **Itinerant Vender of Drugs**: LICENSE: PHYSICIAN'S CERTIFICATE.
The possession of a physician's certificate from the state board of
medical examiners will not exempt an itinerant vender of drugs from
the operation of said statute.

3. ———: ———: ———.  Under section 2534 of McClain's Code, pro-
prietary medicines, and the other remedies therein prescribed, may
be kept and sold by any person at his place of business, though not a
physician nor registered pharmacist, but if he makes such sales from
town to town to all persons indiscriminately, professing to cure and
treat diseases with such remedies, he is an itinerant vender within
the meaning of said section 2532.

4. ———: ———: ———.  One who goes from one city to another in
this state, publicly professing to cure diseases, and advertising and
selling medicines prepared from his own formula, remaining but a
few days or weeks in a place for such purpose, but who, being a duly
registered physician of Iowa, records his certificate in each county to
which he goes, is an itinerant vender within the meaning of section
2532 of McClain's Code.

*Appeal from Marshall District Court.*—HON. J. L.
STEVENS, Judge.

WEDNESDAY, MAY 11, 1892.

ACTION to recover of the defendant one hundred
dollars license as an itinerant vender of drugs, under

section 2532 of McClain's Code. The case was submitted to the court upon an agreed statement of facts, and judgment entered against the defendant, from which he appeals, upon a certificate of the trial judge as follows:

"Certificate. I, John L. Stevens, judge of the district court of Iowa within and for Marshall county, hereby certify that the above entitled cause involves the determination of questions of law, upon which it is desirable to have the opinion of the supreme court of Iowa. The questions are as follows: *First*. Is section 2532 of McClain's Code in conflict with and in violation of section 6 of article 1 of the constitution of Iowa, and article 1, section 8 of the constitution of the United States? *Second*. Can a citizen of Iowa, being a regularly authorized practicing physician, possessed of the physician's certificate from the state board of medical examiners, under chapter 104 of the Laws of 1886, sell his medicines which are prepared by him from a formula or prescription of which he is the owner and proprietor, providing such medicines do not include any intoxicating liquors or poisons, in any county of the state wherein his said certificate is duly recorded, under section 2549 of McClain's Code, and also recorded in the county of his residence, under the same section, whether he is a resident of said county or not, without a license as provided by section 2532 of McClain's Code, provided said sales are made by him from town to town, to all persons desiring to buy, and publicly professing to cure diseases by said medicines? *Third*. Can any person, being a citizen of Iowa, whether a physician or registered pharmacist or not, sell proprietary medicines, and such other domestic remedies as do not include any intoxicating liquors or poisons, in any county of the state of Iowa where he does not reside, without a license, as prescribed by section 2532 of McClain's Code, provided such person make said

sales from town to town to all persons indiscriminately,
professing to cure and treat diseases with such reme-
dies?    *Fourth.*  Is a person an itinerant vender, within
the meaning of section 2532 of McClain's Code, who,
being a resident of Iowa, goes about the state, from
city to city, publicly, by written and printed circulars
and oral addresses, professing to cure diseases, and
publicly advertising and selling medicines prepared
from his own formula,—he remaining but a few days
or weeks in a place for such purpose,—but who, being
a duly registered physician of Iowa, authorized to prac-
tice medicine in any county in the state, records his
certificate in each county in which he so publicly pro-
fesses to cure and sells such medicines, as prescribed
by section 2549 of McClain's Code?"—*Affirmed.*

*Binford & Snelling*, for appellant.

*Brown & Miller*, for appellee.

GIVEN, J.—I. We first inquire whether said section
2532 of McClain's Code* is in conflict with section 6,
article 1, of the constitution of Iowa.   Said section 6
is as follows:   "All laws of a general nature shall have
a uniform operation.   The general assembly shall not
grant to any citizen or class of citizens privileges or
immunities which, upon the same terms, shall not
equally belong to all citizens."

Appellant's contention is that section 2532 "dis-
criminates in favor of the citizens of one city, and

1. CONSTITU-
TIONAL LAW:
uniformity in
operation of
statutes: itin-
erant vender
of drugs:
license.

against all other resident merchants of
Iowa," and cites in support *City of Mar-
shalltown v. Blum*, 58 Iowa, 184, and
*Town of Pacific Junction v. Dyer*, 64 Iowa,
38.   In the former case, an ordinance
which imposed a license upon persons whose business it

*See sec. 10, ch. 75, Laws of the 18th Gen. Assembly; sec. 2, ch. 137, Laws of
19th Gen. Assembly; and sec. 3, ch. 83, Laws of 21st Gen. Assembly.

was to sell merchandise at retail upon the streets, or from house to house, with a proviso that it should not apply "to persons retailing their own productions or of their own manufacture, if they reside in, and the goods are manufactured in, Marshall county," was held to be unconstitutional because of the proviso. In the latter case, an ordinance providing that transient merchants should pay a license, and defining transient merchants to be "every non-resident person who shall sell, exchange, or dispose of any goods, wares, or merchandise of his own or of other non-resident owners," was held to be unconstitutional because of the discrimination in favor of resident merchants and against all others.

Section 2532, so far as applicable to the question before us, is as follows: " Any itinerant vender of any drug, nostrum, ointment, or appliance of any kind, intended for the treatment of diseases or injury, who shall, by writing or printing, or any other method, publicly profess to cure or treat diseases, or injury, or deformity, by any drug, nostrum, manipulation, or other expedient, shall pay a license of one hundred dollars per annum."

This law is of uniform operation. It applies alike to all such itinerant venders, and its privileges and immunities are open to all persons upon the same terms. There is no discrimination in favor of the citizens of one city as against another, nor against resident merchants of any place in Iowa. All resident merchants may sell proprietary medicines and domestic remedies without being registered as pharmacists, as authorized in section 2534, and are alike protected from competition with itinerant venders. It will be readily seen that there is no such discrimination in this law as in the ordinances referred to. Indeed, we fail to discover any feature of discrimination in this law. It operates upon all persons and places alike, and grants

2. ITINERANT Vender of Drugs: license: physician's certificate.

no privileges or immunity to any citizen or class of citizens that does not equally belong to all citizens. It is argued that, taken in connection with section 2534, it discriminates in favor of domestic remedies, and against all others. Under section 2534, any person may sell, at his established place of business, domestic remedies of any kind that do not contain intoxicating liquors or poison, without registering as a pharmacist; but, if he becomes an itinerant vender thereof, he must pay license as required by section 2532. The regulation is as to all domestic remedies. No question is made in argument under the constitution of the United States, and we think no such question is involved in the case.

II. We are of the opinion that a physician's certificate does not exempt one who is an itinerant vender, as defined in section 2532, from the provisions of that section. That he may dispense his own prescriptions without being registered as a pharmacist, as provided in section 2534, or that he may remove to another county, and practice medicine by having his certificate recorded, does not give him the right to pursue the business of an itinerant vender without paying license as such.

III. There can be no doubt but that, under section 2534, any person may keep and sell at his place of business proprietary medicines and other domestic remedies specified without being a physician or registered pharmacist. It is equally clear that if he "make said sales from town to town to all persons indiscriminately, professing to cure and treat diseases with such remedies," he is an itinerant vender, and subject to the provisions of section 2532.

IV. Under the facts stated in the fourth question certified, we are in no doubt but that a person so pursuing the business is an itinerant vender, within the meaning of section 2532. A certificate authorizing him to practice medicine in the state does not authorize him

to become an itinerant vender, as defined in section 2532, nor exempt him from liability as such. The right of a physician, given in section 2534, to dispense his own prescriptions without being a regular pharmacist, and the right to remove to another county to practice, upon having his certificate recorded, as authorized under section 2549, does not make him any the less an itinerant vender, as defined in section 2532, if he conducts the business as stated in the fourth question certified. As to who are itinerant venders, see *Snyder v. Closson*, 84 Iowa, 184.

The judgment of the district court is AFFIRMED.