STATE OF IOWA, Appellant, v. MRS. C. F. STEWART, Appellee.

**Itinerant vender of drugs.** One who travels from place to place taking orders for pharmaceutical preparations and medicines, adverting certain days for consultation, prescribing specific remedies, and either collecting for medicines to be delivered by mail at the time of taking the orders or making per-

sonal delivery and collection later, is an itinerant vender of drugs within the meaning of Code, section 2594. Evidence held to require a submission of the issue.

*Appeal from Story District Court.*— HON. C. G. LEE, Judge.

SATURDAY, JUNE 6, 1908.

THE opinion states the case. The court directed a verdict in favor of defendant, and the State appeals.— *Affirmed.*

*H. W. Byers,* Attorney General, and *C. W. Lyon,* Assistant Attorney General, for the State.

No appearance for appellee.

BISHOP, J.— The defendant was indicted for a violation of Code, section 2594, which provides in substance that any itinerant vender of any drug, nostrum, ointment, or appliance of any kind for the treatment of any disease, and all those who by any method publicly profess to treat or cure diseases, shall pay to the treasurer of the pharmacy commission an annual fee, and procure a license for such purpose. " Any violation of this section shall be a misdemeanor."

We think the case should have been submitted to the jury for a verdict. The evidence tended to show that defendant, a resident of Marshalltown, at the time alleged was traveling about from place to place in Story county, representing the house of Vanderhoof & Co., South Bend, Ind., manufacturers of pharmaceutical preparations. She caused to be inserted in a newspaper published at Colo in said county a notice to the effect that on certain days named she would be at the hotel, and inviting " all ladies interested in the Vanderhoof remedies " to call upon her. With those ladies who called she discussed their infirmities and mala-

dies, and in some instances made personal examinations to ascertain the cause from which suffering proceeded. She explained the virtues of the Vanderhoof remedies, and recommended to each lady the particular nostrum indicated by her symptoms. She also went from house to house, proceeding in the same way. She did not carry the preparations with her, but took orders in the name of the house; the orders providing that the goods were to be delivered by her and payment was to be made to her. In most instances, however, she collected the money at the time of taking the order, and the goods were delivered through the mails. We think the case comes within the rule of *State v. Bair,* 92 Iowa, 28. That was a prosecution under the statute in question, and it was said: " The offense does not consist in the defendant's having sold, or offered for sale, drugs in Monroe county, but in the fact of his then being an itinerant vender of drugs, etc., and then publicly professing in Monroe county, by writing or printing or other method, to treat or cure diseases, etc., by any drugs, etc. For instance, any person being an itinerant vender of drugs, who, going into Monroe county, and without a sale or an offer to sell makes the profession of curing or treating in the way and by means specified, is guilty of the offense contemplated by the act."

The direction of the verdict was erroneous; but, as the defendant cannot again be put on trial, the judgment must stand *affirmed.*