IOWA CITY, IOWA, v. JOSEPH GLASSMAN, Appellant.

**Peddlers:** LICENSE: UNREASONABLE FEE. In the exercise of its power
1 to regulate the business of peddling a city can not impose a license fee which will in effect be prohibitory, and thus suppress the pursuit of a lawful calling; but the exercise of its power in this regard will not be interfered with unless the license charged is so excessive as to prohibit rather than regulate the business. The ordinance in this instance fixing the license of a vendor of fruit and vegetables at $5 per day or $350 a year for a peddler on foot, and a correspondingly higher rate for one using a one-horse or a two-horse conveyance, was unreasonable and invalid.

**Same:** TAXATION: EXERCISE OF POWER. An ordinance imposing an
2 unreasonable and prohibitive license fee will not be upheld on the ground that it is an exercise of the power of taxation, as distinct from the power to regulate and license; as the discretion of a city in this respect is not unlimited but must be exercised in a reasonable manner.

**Appeal:** ABSTRACT: NONCOMPLIANCE WITH RULES. Failure to number the lines of appellant's abstract as required by the court rules will not justify an affirmance of the judgment, where the abstract was short and an enforcement of the rule would result in no practical advantage to the appellee or to the court.

**Same.** Failure of the appellant to include in his brief a preliminary statement of the nature of the action, the issues, facts, judgment and errors relied upon, will not justify a dismissal of the appeal, where the rule is not sought to be enforced until final submission.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

TUESDAY, JUNE 25, 1912.

THE defendant was convicted before the mayor of peddling within the limits of the city without first having procured a license. On appeal to the District Court it was conceded by the defendant that he was engaged in peddling, within the terms of an ordinance, and evidence was introduced for the purpose of showing that the provisions of the ordinance were unreasonable. The trial court made a finding affirming the judgment of the mayor, and the defendant appeals.—*Reversed.*

*O. A. Byington* for appellant.

*F. F. Messer* and *A. E. Maine* for appellee.

McCLAIN, C. J.—In the attempted exercise of the authority conferred by Code, section 700, "to regulate, license and tax peddlers," the plaintiff city enacted an ordinance describing as a misdemeanor and providing a penalty for plying the vocation of a peddler within the city limits "without first procuring a license and paying the license fee and tax, which license fee and tax shall be, in addition to the mayor's fee of one dollar, the sum of

five dollars per day or three hundred fifty dollars per year for each peddler on foot; six dollars per day or three hundred fifty dollars per year for each peddler using a one-horse conveyance; ten dollars per day or five hundred dollars per year for each peddler using a two-horse conveyance." It is conceded that defendant was engaged in peddling fruit and vegetables not of his own raising from house to house in Iowa City without procuring a license and in violation of the ordinance. The sole question presented for determination is whether the ordinance is valid.

I. While a city has unquestionably the power to regulate the business of peddling by requiring that any person desiring to pursue such business must secure a license, it is well settled that, in the exercise of the power to regulate, the city can not impose a license fee which shall be in effect prohibitory and thus entirely suppress the pursuit of a lawful calling. The council being vested with authority to legislate on the subject, its discretion will not be interfered with unless its action is plainly unreasonable; but the courts may inquire into the reasonableness of such regulations and hold them to be in excess of the power conferred if the manifest purpose and effect is to prohibit rather than to regulate in a case where the power to prohibit is not given. *Town of State Center v. Barenstein*, 66 Iowa, 249; *Ottumwa v. Zekind*, 95 Iowa, 622; *Burlington v. Unterkircher*, 99 Iowa, 401.

*1. PEDDLERS: license: unreasonable fee.*

It seems to us plain, on the face of the ordinance itself, that it was not passed in any reasonable attempt to regulate the business of peddling. It is impossible to conceive of any conditions involved in the pursuit of such business which would justify the exaction as a mere license fee of $5 per day or $350 per year for a peddler on foot or a correspondingly greater amount for a peddler using a one-horse or a two-horse conveyance. The court can certainly take judicial notice of the fact that no reasonable

system of regulation for the protection of the public would involve any such expense on the part of the city as would require the imposition of such a license fee, and that the business involved no such extraordinary wear and tear on the streets of the city as would justify any such exaction.

II.   Counsel for the city insist, however, as the proper basis for the license required, that, in the exercise of the power of taxation conferred as distinct from the power of regulation, the discretion of the city council is absolute and not subject to review by the courts; and it is without doubt true, as said in many cases, that the discretion of the council in exercising the power of taxation should not be interfered with by the courts on trivial grounds.   But we find no authority for saying that the power of the city council to impose taxes of this character is without limitation and beyond inquiry as to the reasonableness of the taxes imposed. With reference to the power of the city council in a different class of cases in which the exercise of discretion is vested in it, we have used this language: "It is undoubtedly true that ordinances of a municipality, when passed by legislative authority, are to be given great force and effect, but they are not sacred, by any means; and it is equally as true that, where general power is given a municipality, it must be exercised in a reasonable manner and, if it is not so exercised, it is the duty of the courts to protect those who may suffer thereby." *Hall v. Cedar Rapids*, 115 Iowa, 199.

2. SAME: taxation: exercise of power.

The general rule is that, when a question is raised as to the reasonableness of a city ordinance which has reference to a subject-matter within the corporate jurisdiction, the ordinance will be presumed to be reasonable, unless the contrary appears on the face of the ordinance itself or is established by proper evidence.   *Commonwealth v. Patch*, 97 Mass. 221; *Van Hook v. Selma*, 70 Ala. 361 (45 Am. Rep. 85); *Gamble v. Montgomery*, 147 Ala. 682 (39 South.

353); *Fayetteville v. Carter*, 52 Ark. 301 (12 S. W. 573, 6 L. R. A. 509); *Iowa City v. Newell*, 115 Iowa, 55.

But on the other hand, if it is evident that the ordinance is not calculated nor intended in fact to accomplish a purpose within the legitimate scope of the particular power conferred upon the city, it is invalid. With reference to an ordinance exacting a license fee of $10 per month for selling or offering for sale fresh meat on the streets, which it was attempted to justify under a grant of authority to license and regulate hawkers, hucksters, and peddlers, the Supreme Court of Michigan used this language: "It is evident that it (the ordinance) was simply an exercise of arbitrary and unauthorized class legislation for the benefit of a few shopkeepers, and an unjust discrimination against those who desired to sell from carts or wagons about the village. It is difficult to perceive how such a by-law could be of public benefit. Its tendency would be, if enforced, to increase the price of fresh meat to the consumer, while it could serve no useful or beneficial purpose as an offset to this increased cost of an article of daily and necessary food." *Chaddock v. Day*, 75 Mich. 527 (42 N. W. 977, 4 L. R. A. 809, 13 Am. St. Rep. 468). In *Peoria v. Guggenheim*, 61 Ill. App. 374, involving the validity of an ordinance imposing a license fee of $200 per month on itinerant merchants and transient vendors of merchandise, the court said: "The ordinance clearly shows that its aim and intent was to prevent competition with the city merchants by transient merchants, to the detriment of the public generally. The license fixed by the ordinance is out of all reason too high. . . . It could not have been intended for revenue, for very few could or would pay it, and it would be an unreasonable tax and all out of proportion to other taxation." In *Harrodsburg v. Renfro* (Ky.) 58 S. W. 795 (51 L. R. A. 897), it was held that an ordinance fixing the amount of a license for the sale of intoxicants at $300 per year more for a place on the main

street than was required for a place on any other street was unconstitutional because it violated the spirit of the Constitution as to the uniformity of laws in respect to taxation. In *Carrollton v. Bazzette*, 159 Ill. 284 (42 N. E. 837, 31 L. R. A. 522), it was held that authority given to the city council to "license, tax, regulate, suppress or prohibit itinerant merchants and transient vendors of merchandise" did not sustain an ordinance which was in effect prohibitory as to a business not objectionable in respect to the character of the articles sold nor the mode of selling, and that it was therefore material for the court to inquire whether the license fee fixed was reasonable, or whether it was so high as to amount in effect to a suppression of the business rather than a regulation of it by license, and the court reached the conclusion that a license fee of $10 per day without discrimination as to the extent of the business or the length of time it was to be conducted was unreasonable. These cases sustain the conclusion which we reach that, even in the exercise of the power to tax, the reasonableness of the ordinance in its general provisions and with reference to the subject-matter may be inquired into.

Looking to the ordinance itself, we find that it imposes upon peddlers a minimum tax of $5 per day or $350 per year without regard to any period greater than one day and less than one year during which the business may be pursued; and, looking into the evidence, we discover that the business in which defendant was engaged was that of selling from house to house fruit and vegetables which he had purchased in car load lots or in smaller quantities; that he could not profitably carry on his business for more than about six months in the year; and that his gross profits on sales did not exceed on the average $3 or $4 per day. It appears from the evidence that the profits thus testified to by defendant were substantially as large as those of others engaged in the same kind of business. It further

appears that the taxes paid by several grocers in the city on their stocks of merchandise amount per annum to from $10 to $50. Now we think it quite evident that the purpose of the council was not to impose a tax on peddlers which would be reasonable in view of the fact that they are not subject to taxation as merchants, and in view of the further fact that by reason of their exemption from rent charges their percentage of profits on the business done may be larger than that of regular merchants; but to practically and effectually prohibit such business as that which defendant was attempting to conduct, a business in every respect lawful and entitled to reasonable protection and encouragement. We therefore hold that the tax imposed is unreasonable, and on that account the ordinance is void.

III. With the case has been submitted a motion of appellee to strike the appellant's abstract and argument, and to affirm. The objection to the abstract is that the lines are not numbered as required by section 50 of our rules. We have in some cases required the appellant to number the lines of his abstract where he has omitted to do so before taking submission of the case. But the abstract in this case consists of but nine pages, and we have not thought that it would be of any practical advantage to the appellee to enforce the rule in this manner. We might, of course, refuse now to consider the case if the omission of the appellant to comply with the rule was of any practical inconvenience to the court. But we do not feel justified in arbitrarily dismissing the appeal for technical failure to comply with the rule. In short, we are inclined to enforce the rule with strictness where timely objection is made and it appears that its enforcement would be of any practical advantage to the appellee or to the court; but we reserve some discretion as to its enforcement when the case is before us for final determination.

3. APPEAL: abstract: non-compliance with rules.

The ground presented for striking appellant's brief

and argument is that it contains no preliminary statement of the nature of the action, the issues, the facts, the judg-

4. SAME.

ment, and the errors and exceptions relied upon for reversal, as required 'by our rules, section 53. We might, no doubt, with propriety strike the appellant's brief and argument on this ground before the submission of the case; but even then we should usually do so only with leave to remedy the defects pointed out within a reasonable time. We would not be justified in now doing so, especially in a criminal case, and thus cutting off the appellant from any opportunity to have his case considered. We must reserve a discretion in the application of the rule when the question is raised on final submission. The motion to strike the abstract and argument and to affirm is therefore overruled.

The judgment of the lower court sustaining defendant's conviction under the ordinance is—*Reversed.*