STATE OF IOWA, Appellant, v. GEORGE C. LOGSDON, Appellee.

No. 41627.

APRIL 4, 1933.

John Fletcher, Atty. Gen., and Gerald O. Blake, Asst. Atty. Gen., for appellant.

Hollingsworth & Hollingsworth, for appellee.

KINTZINGER, J.—This is an action brought by the state of Iowa under the provisions of section 3046 of the 1931 Code, asking that the defendant be enjoined and restrained from continuing in the business of an itinerant vendor of drugs, without obtaining a license under the provisions of section 3149 of the present Code. The plaintiff's petition alleges that the defendant is charged by the state department of health and the board of pharmacy commissioners with practicing as an itinerant vendor of drugs in the state of Iowa without first having secured a license so to do; that the said defendant has been and is now engaged in such practice, by going from place to place or from house to house and selling, offering, or exposing for sale, drugs, as defined in chapter 155 of the 1931 Code; and, unless restrained by an order of court, the said defendant will continue to sell, offer, and expose for sale, drugs and medicines, as an itinerant vendor thereof and without first procuring a license from the pharmacy examiners as provided in Code section 3149.

The defendant answering denies that he is engaged in the sale of drugs as an itinerant vendor within the meaning of sections 3148 and 3149 of the Code. He admits that he is engaged in going from place to place as the employee and agent of the S. F. Baker & Co., an Iowa corporation, with its principal offices and manufacturing plant at Keokuk, Lee county, Iowa; that the said Baker & Co. is engaged in the manufacture and vending of proprietary medicines, and, as such, is an itinerant vendor of drugs as defined in said chapter 155 of the Iowa Code, and has heretofore procured and now holds a license as such itinerant vendor of drugs. The defendant further states in his answer that he is employed by the said S. F. Baker & Co., under a written contract (a copy of which he attaches to his answer) as the agent of said corporation for the sale of the goods manufactured by it, consisting of proprietary medicines and drugs, and that he intends to continue in such employment; that under his contract of employment he has been assigned terri-

tory consisting of Henry county, Iowa, in which territory he goes from place to place and house to house carrying with him a stock of the aforesaid drugs and medicines, selling and offering the same for sale, but which stock of medicines and drugs is at all times the property of his employer until the same is actually sold to customers; that this defendant at no time has any interest in the merchandise nor in the proceeds of sales thereof; that the only right of the defendant in the property, proceeds, or accounts is to reserve certain commissions for his wages as such agent upon the sales so made by him; that in making sales the defendant usually delivers from the stock of merchandise in his possession the article or articles purchased by the person canvassed. At times such articles are paid for at once and at other times are charged to the customer, but the account is without exception always carried in the name of S. F. Baker & Co.; that the defendant at all times in conducting the said business is subject to the instructions, orders, and control of his employer, and at no time has this defendant ever sold any medicines or drugs of any character on his own behalf or in which he had any right, title, or interest, and that he never has, on his own behalf, or for himself, been engaged in the business of itinerant vendor of drugs; that he has pursued and intends to continue the aforesaid business and occupation only as agent and employee of the S. F. Baker & Co., in good faith and under the belief and advice that the procurement of a license by his employer under the provisions of the statute referred to authorizes him to act as his employer's agent in assisting in conducting the business of his employer, and that he has a right to so act and continue such occupation as the agent and employee of the S. F. Baker & Co.

The defendant also charges that the sections of the Code under which the action is brought are in contravention of section 1 of the 14th Amendment of the Constitution of the United States in that it is discriminatory, not being based on any lawful or reasonable ground; that the sections referred to are not reasonably conducive to the protection of the public health, and the statute is not a reasonable exercise of the police power, nor a reasonable regulation upon vendors of drugs, and that, if the statute be so construed as to require the payment of a license fee or tax from an agent or employee of one engaged in itinerant vending of drugs, the same is unconstitutional and void as imposing a double taxation upon

and for the same right and business, and constitutes a taking of property without due process of law.

The state filed a demurrer to the foregoing answer of defendant, which was treated as a motion to strike said answer, and which was by the court overruled. The plaintiff elected to stand upon said motion and the ruling thereon, and the court dismissed the plaintiff's petition, from which ruling this appeal is prosecuted.

The one proposition relied upon by appellant for reversal is the claimed error of the court in overruling the plaintiff's demurrer or motion to strike the defendant's answer.

The sections of the Code involved, and which it is necessary for us to construe are as follows:

Section 3148. "Itinerant vendor of drugs defined. 'Itinerant vendor of drugs' shall mean any person who, by himself, agent, or employee goes from place to place, or from house to house, and sells, offers or exposes for sale any drug as defined in this chapter."

Section 3149. "License required of itinerant—fee. Every itinerant vendor of drugs or medicines shall procure an annual license from the pharmacy examiners. The fee for such license shall be one hundred dollars; such license may be transferred by the licensee upon the payment of a fee of one dollar to the pharmacy examiners."

█ I. It is well settled that a license law adopted for the purpose of its effect on trade, or to remove competition, or which needlessly interferes with lawful occupations, is class legislation, and effects the taking of property without due process of law. And the sections of the statute under consideration must be sustained, if at all, as a proper exercise of the police power, and, from the nature of its provisions, must be conducive to securing and protecting the public health, safety, or welfare.

The provisions of the statute in question, under the construction we have given them, are not discriminatory, do not effect a double taxation, are not class legislation, and were not passed for any effect on trade or to remove competition. And we hold that they are not in contravention of any of the provisions of the Constitution of the United States. People v. Wilson, 249 Ill. 195, 94 N. E. 141, 35 L. R. A. (N. S.) 1074; State v. Donaldson, 41 Minn. 74, 42 N. W. 781; Kentucky Board of Pharmacy v. Cassidy, 115 Ky. 690, 74 S. W. 730; Dobbins v. Los Angeles, 195 U. S. 223, 25

S. Ct. 18, 49 L. Ed. 169; State v. Osborne, 171 Iowa 678, 154 N. W. 294, Ann. Cas. 1917E, 497; Iowa City v. Glassman, 155 Iowa 671, 136 N. W. 899, 40 L. R. A. (N. S.) 852.

The sections under discussion are of uniform operation, and not discriminatory. State v. Gouss, 85 Iowa 21, 51 N. W. 1147; Snyder v. Closson, 84 Iowa 184, 50 N. W. 678.

The sections of the Code here involved are a valid exercise of the police power of the state and do not contravene section 8, article 1, of the Federal Constitution. State v. Wheelock, 95 Iowa 577, 64 N. W. 620, 30 L. R. A. 429, 58 Am. St. Rep. 442; In re Rahrer, 140 U. S. 545, 11 S. Ct. 865, 866, 35 L. Ed. 572. In the last cited case the Supreme Court uses the following language:

"The power of the state to impose restraints and burdens upon persons and property, in conservation and promotion of the public health, good order, and prosperity is a power originally and always belonging to the states, not surrendered to them by the general government, nor directly restrained by the constitution of the United States, and essentially exclusive. And this court has uniformly recognized state legislation, legitimately for police purposes, as not, in the sense of the constitution, necessarily infringing upon any right which has been confided expressly or by implication to the national government."

II. Another question in this case is whether or not the defendant is an itinerant vendor of drugs within the terms of sections 3148 and 3149 of the Code of Iowa. It is conceded that the defendant was an agent and employee of the S. F. Baker & Co. It is also conceded that he, as such, was engaged in going about from place to place and from house to house, selling, offering, and exposing for sale drugs as defined in chapter 155 of the Code.

Section 3148 of the Code defines the term "itinerant vendor of drugs" as follows:

" 'Itinerant vendor of drugs' shall mean any person who, by himself, agent, or employee goes from place to place, or from house to house, and sells, offers or exposes for sale any drug as defined in this chapter."

This case squarely raises the question of whether or not a person, *who goes about from place to place, or from house to house,* selling the drugs referred to in section 3149, comes within the defini-

tion of "*itinerant vendor of drugs*" set out in section 3148, whether he goes about from place to place, etc., selling such drugs for him-self or as agent for another.

It is contended by the defendant that as he is only the agent of the S. F. Baker & Co., and that it is the S. F. Baker & Co. that goes about from place to place selling the goods and that the statute does not include its agents. Defendant contends that if the license is procured by his principal, that the terms of the statute have been complied with. If this were true, then a principal having a hundred agents operating in the state selling drugs from house to house would be subject only to the payment of one fee.

No similar statutes in other states have been cited, and our statute has never been construed by this court.

The statute says that an itinerant vendor of drugs means "any person who * * * goes from place to place, or from house to house," etc. It may also be read as "itinerant vendor of drugs shall mean any person who by himself goes from place to place or from house to house," etc. It might also be said to mean any person who goes from place to place, etc., by his agent or employee. The terms of the statute are broad. We believe that the object of the statute is to impose a license against the act of any one going from place to place or from house to house, selling or offering for sale any drugs as defined by the statute. It does not contemplate the selling of drugs in a store or at some stationary point, but is directed at the act of going from place to place, selling them.

Defendant contends that the definition is limited and confined to the principal only. We do not believe that the legislature contemplated such a narrow construction of their own definition, and that a fair and liberal analysis of the statute will give us the actual meaning of the law. When this statute is analyzed, it should be given the construction fairly implied by the language, and under such a construction the statute would mean to include any person who goes from place to place, or any person who by himself or agent, goes from place to place selling drugs.

It is the opinion of the majority of this court, therefore, that the statute should not be given the narrow construction contended for by defendant.

The term "any person" is very broad and includes anybody.

"Any being having life, intelligence, will and separate indi-

vidual existence; * * * a human being, an individual of the human race, a living human being; a living person composed of body and soul, a man, woman, or child; a moral agent; a self conscious being, the whole man." 48 C. J. 1037 and 1038.

The term "any person" has been held to include an officer of a corporation, or an agent of another. State v. Stewart, 138 Iowa 536, 116 N. W. 693.

The term "person" has also been held to include an employee. Strait v. City of Rock Hill, 104 S. C. 116, 88 S. E. 469; Quackenbush v. Wisconsin & M. R. Co., 62 Wis. 411, 22 N. W. 519; Le May v. Canadian Pac. R. R. Co., 18 Ont. 314.

It is the opinion of this court that an agent of another, going about from place to place selling the drugs referred to in section 3148 of the Code, constitutes a person within the contemplation of section 3149 of the Code. He is the person who does the going about from house to house selling the drugs and it makes no difference whether he is selling such drugs for himself or for another. It is, therefore, our opinion that the defendant, who conceded the going about from house to house and from place to place selling drugs for another, comes within the meaning of the term "person," referred to in section 3148 of the Code.—Reversed.

KINDIG, C. J., and EVANS, DONEGAN, and UTTERBACK, JJ., concur.

ANDERSON, J., (dissenting)—This is an action brought by the state of Iowa under the provisions of section 3046 of the 1931 Code, asking that the defendant be enjoined and restrained from continuing in the business of an itinerant vendor of drugs, without obtaining a license under the provisions of section 3149 of the present Code. The plaintiff's petition alleges that the defendant is charged by the state department of health and the board of pharmacy commissioners with practicing as an itinerant vendor of drugs in the state of Iowa without first having secured a license so to do; that the said defendant has been and is now engaged in such practice, by going from place to place or from house to house and selling, offering, or exposing for sale drugs, as defined in chapter 155 of the 1931 Code; and, unless restrained by an order of court, the said defendant will continue to sell, offer, and expose for sale drugs and medicines, as an itinerant vendor thereof and without first procuring a license from the pharmacy examiners as provided in Code section 3149.

The defendant answering denies that he is engaged in the sale of drugs as an itinerant vendor within the meaning of sections 3148 and 3149 of the Code. He admits that he is engaged in going from place to place as the employee and agent of the S. F. Baker & Co., an Iowa corporation, with its principal offices and manufacturing plant at Keokuk, Lee county, Iowa; that the said Baker & Co. is engaged in the manufacture and vending of proprietary medicines, and as such is an itinerant vendor of drugs as defined in said chapter 155 of the Iowa Code and has heretofore procured and now holds a license as such itinerant vendor of drugs. The defendant further states in his answer that he is employed by the said S. F. Baker & Co. under a written contract (a copy of which he attaches to his answer) as the agent of said corporation for the sale of the goods manufactured by it, consisting of proprietary medicines and drugs, and that he intends to continue in such employment; that under his contract of employment he has been assigned territory consisting of Henry county, Iowa, in which territory he goes from place to place and house to house carrying with him a stock of the aforesaid drugs and medicines, selling and offering the same for sale, but which stock of medicines and drugs is at all times the property of his employer until the same is actually sold to customers; that this defendant at no time has any interest in the merchandise nor in the proceeds of sales thereof; that the only right of the defendant in the property, proceeds, or accounts is to reserve certain commissions for his wages as such agent upon the sales so made by him; that in making sales the defendant usually delivers from the stock of merchandise in his possession the article or articles purchased by the person canvassed. At times such articles are paid for at once and at other times are charged to the customer, but the account is without exception always carried in the name of S. F. Baker & Co.; that the defendant at all times in conducting the said business is subject to the instructions, orders, and control of his employer, and at no time has this defendant ever sold any medicines or drugs of any character on his own behalf or in which he had any right, title, or interest, and that he never has, on his own behalf, or for himself, been engaged in the business of itiner-ant vendor of drugs; that he has pursued and intends to continue the aforesaid business and occupation only as agent and employee of the S. F. Baker & Co., in good faith and under the belief and advice that the procurement of a license by his employer under the

provisions of the statute referred to authorizes him to act as his employer's agent in assisting in conducting the business of his employer; and that he has a right to so act and continue such occupation as the agent and employee of the S. F. Baker & Co.

The defendant also charges that the sections of the Code under which the action is brought are in contravention of section 1 of the 14th Amendment of the Constitution of the United States in that it is discriminatory, not being based on any lawful or reasonable ground; that the sections referred to are not reasonably conducive to the protection of the public health, and the statute is not a reasonable exercise of the police power, nor a reasonable regulation upon vendors of drugs, and that, if the statute be so construed as to require the payment of a license fee or tax from an agent or employee of one engaged in itinerant vending of drugs, the same is unconstitutional and void as imposing a double taxation upon and for the same right and business, and constitutes a taking of property without due process of law.

The state filed a demurrer to the foregoing answer of defendant, which was treated as a motion to strike said answer, and which was by the court overruled. The plaintiff elected to stand upon said motion and the ruling thereon, and the court dismissed the plaintiff's petition, from which ruling this appeal is prosecuted.

The one proposition relied upon by appellant for reversal is the claimed error of the court in overruling the plaintiff's demurrer or motion to strike the defendant's answer.

The sections of the Code involved, and which it is necessary for us to construe are as follows:

Section 3148. "Itinerant vendor of drugs defined. 'Itinerant vendor of drugs' shall mean any person who, by himself, agent, or employee goes from place to place, or from house to house, and sells, offers or exposes for sale any drug as defined in this chapter."

Section 3149. "License required of itinerant—fee. Every itinerant vendor of drugs or medicines shall procure an annual license from the pharmacy examiners. The fee for such license shall be one hundred dollars; such license may be transferred by the licensee upon the payment of a fee of one dollar to the pharmacy examiners."

Section 2594 of the 1897 Code contained a provision somewhat similar to the sections of the 1931 Code above quoted, and pro-

vided that "any itinerant vendor of any drug, nostrum, ointment, or appliance of any kind for the treatment of any disease or injury, and all those who by any method publicly profess to treat or cure diseases, injury or deformity, shall pay to the treasurer of the commission of pharmacy an annual fee of one hundred dollars, upon the receipt of which the secretary of the commission shall issue a license for one year from its date. * * *" And that section remained as the law of the state until the adoption of the present Code (1924) when sections 3148 and 3149 were substituted therefor.

It will be noticed that section 3149 provides:

"Every itinerant vendor of drugs or medicines shall procure an annual license from the pharmacy examiners."

We might be inclined to hold with the state, in its present contention, that the defendant in the case at bar would be required, although acting solely as the agent and employee of his principal, to obtain a license as an itinerant vendor of drugs under this section if it stood alone, but by section 3148 the legislature has defined an itinerant vendor of drugs as meaning, "any person who, by himself, agent, or employee goes from place to place, or from house to house, and sells, offers or exposes for sale any drug as defined in this chapter." There could have been but one purpose in the mind of the legislature in thus defining "itinerant vendor of drugs", and that must have been to exempt the "agent, or employee" of an itinerant vendor of drugs from the requirement to procure a license, as provided in section 3149. We think that such is the reasonable construction that must be given to the two sections under discussion; and under such construction the defendant, while acting as agent or employee of one who is licensed to sell as an itinerant vendor, would not come under the provisions of the statute, and would not be required to obtain a license. The statute in question clearly indicates that the employer is to be deemed the "itinerant vendor" where he employs another to do such acts for him. The statute differs in this vital particular from all the statutes involved in the cases cited by the appellant.

Taxing statutes imposing licenses are to be strictly construed and not extended by implication, and in order to be operative must be certain and definite as to the persons required to procure such license. State v. Tuffs, 54 Mont. 20, 165 P. 1107; 37 C. J. 249; Cooley on Taxation (3d Ed.) 1100.

It is well settled that a license law adopted for the purpose of its .effect on trade, or to remove competition, or which needlessly interferes with lawful occupations, is class legislation, and effects the taking of property without due process of law. And the sections of the statute under consideration must be sustained, if at all, as a proper exercise of the police power, and, from the nature of its provisions, must be conducive to securing and protecting the public health, safety, or welfare.

The provisions of the statute in question, under the construction we have given them, are not discriminatory, do not effect a double taxation, are not class legislation, and were not passed for any effect on trade or to remove competition. And we hold that they are not in contravention of any of the provisions of the Constitution of the United States. People v. Wilson, 249 Ill. 195, 94 N. E. 141, 35 L. R. A. (N. S.) 1074; Kentucky Board of Pharmacy v. Cassidy, 115 Ky. 690, 74 S. W. 730; Dobbins v. Los Angeles, 195 U. S. 223, 25 S. Ct. 18, 49 L. Ed. 169; State v. Osborne, 171 Iowa 678, 154 N. W. 294, Ann. Cas. 1917E, 497; Iowa City v. Glassman, 155 Iowa 671, 136 N. W. 899, 40 L. R. A. (N. S.) 852.

The sections under discussion are of uniform operation and not discriminatory. State v. Gouss, 85 Iowa 21, 51 N. W. 1147; Snyder v. Closson, 84 Iowa 184, 50 N. W. 678.

The sections of the Code here involved are a valid exercise of the police power of the state and do not contravene section 8, article 1, of the Federal Constitution. State v. Wheelock, 95 Iowa 577, 64 N. W. 620, 30 L. R. A. 429, 58 Am. St. Rep. 442; In re Rahrer, 140 U. S. 545, 11 S. Ct. 865, 866, 35 L. Ed. 572. In the last-cited case the Supreme Court uses the following language:

"The power of the state to impose restraints and burdens upon persons and property in conservation and promotion of the public health, good order, and prosperity is a power originally and always belonging to the states, not surrendered to them by the general government, nor directly restrained by the constitution of the United States, and essentially exclusive. And this court has uniformly recognized state legislation, legitimately for police purposes, as not, in the sense of the constitution, necessarily infringing upon any right which has been confided expressly or by implication to the national government."

I would hold, therefore, that there was no error in the ruling

of the district court in sustaining the motion and dismissing plaintiff's petition, and would affirm.

STEVENS, ALBERT, and MITCHELL, JJ., join in dissent.