George Vincent McMAHON, Appellant,

v.

CITY OF DUBUQUE, IOWA, Appellee.

No. 15868.

United States Court of Appeals
Eighth Circuit.

May 8, 1958.

E. Marshall Thomas, Dubuque, Iowa (O'Connor, Thomas, McDermott & Wright, Dubuque, Iowa, on the brief), for appellant.

T. H. Nelson, Dubuque, Iowa, for appellee.

Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.

WOODROUGH, Circuit Judge.

George Vincent McMahon brought this action to obtain declaratory judgment that the zoning of certain described property belonging to him in the City of Dubuque, Iowa, for residential use was invalid, illegal and void as a denial of due process of law in the use of said property and declaring that he has a right to use said property for such uses as are permitted under the City Zoning Ordinance in a Local Business District and for injunction against enforcement of the Ordinance which zones the property for residential use. Federal jurisdiction resulted from diversity and the amount involved. The District Court made painstaking and elaborate findings and held that the zoning of appellant's property for residential use was proper and legal and the refusal to rezone it so that it might be used for Local Business was also proper and legal. This appeal is taken from the judgment dismissing the action. The findings and conclusions of the Court have not been reported.

The material facts were not in dispute and may be summarized from the findings of the trial court as follows:

On March 29, 1929, the City Council of Dubuque enacted Ordinance No. 26–29, providing for a City Planning and Zoning Commission to: make surveys, studies, maps, plans or plats of the whole or any portion of the City and any land outside thereof; to carry on comprehensive studies of present conditions and future growth of the City in order to guide and accomplish a co-ordinated, adjusted and harmonious development of the City in accordance with the present and future needs thereof to the end that the health, safety, morals, order, convenience, prosperity, and general welfare would be best promoted. This the

Commission proceeded to do and on January 29, 1934, the City Council adopted Ordinance No. 3–34, which divided the City into seven classes of districts. The Ordinance as adopted contained the classification "Local Business District", however, the City Council later amended the ordinance to provide for "Local Business District A" and "Local Business District B". The principal difference between the two Districts was that in a Local Business District B, drive-ins, taverns, oil and gas stations were permitted. Use for such purposes was not permitted in a Local Business District A.

The property owned by appellant consists of two tracts of land: one located on the northeast corner of the intersection of Rockdale Road and Grandview Avenue; the other is located on the northwest corner of the same intersection. Both parcels are now and have always remained vacant and unimproved, except for billboards at the rear of the premises. The 1934 zoning ordinance zoned both of the tracts for single family residence use. At the time of the adoption of the zoning ordinance in 1934, an area south and west of the intersection along Grandview Avenue (approximately 100 feet in width, east and west, and 300 feet in length, north and south) was in use for local business purposes. At the north end of the strip there was a grocery store and filling station. South of the grocery store and filling station there was a residence. South of the residence was a filling station and the only change in the situation in that strip between 1934 and the commencement of this action in February, 1957, was that the filling station had been replaced by a drive-in at which sandwiches, ice cream, etc., were sold. So far as the record shows the only change made in the 1934 zoning ordinance as to that business district along the south side of Grandview Avenue or in the general area was a change which permitted the State Highway Commission to build an addition to its garage.

To the north of the lot owned by the appellant on the northeast corner of the intersection there is a driveway leading to the City park, known as Grandview Park. That park is of substantial area. To the east of that lot is a well built up residential area. To the north of the lot owned by appellant on the northwest corner is a wooded area on which is situated a single family residence. The topography of some of the area immediately north and west of this lot is precipitous and rugged and has never been used for building purposes.

Rockdale Road is one of the main thoroughfares in the southern part of the City. It commences near the southern end of the main business district and proceeds in a southerly direction through a large area zoned for residence purposes to the City limits. The map which is part of the Zoning Ordinance indicates that the distance between the point Rockdale Road leaves the main business part of the City and the point where it leaves the City limits is about a mile and a half. About half way between those two points Rockdale Road intersects Grandview Avenue. Grandview Avenue commences approximately two miles north and west of the intersection. It then proceeds in a general southerly direction through an area zoned for residence purposes to the intersection. It then proceeds across and beyond the intersection in an easterly direction through an area zoned for residential purposes. Grandview Avenue is described by the Trial Court as a residential street and Rockdale Road, up to the time of the commencement of this action, consisted of a concrete slab which was around twenty feet wide.

The record does not show when appellant became owner of the property in question, but on three occasions, in 1947, 1952, and in 1956, appellant and others, as owners of the property, requested the City of Dubuque to change the zoning classification from residential to Local Business District B classification and on each occasion the request was denied after notice and hearing, the latest denial having occurred in January, 1956. The court studied the several proceedings with care and became fully and accurate-

ly informed of all conditions relative to the zoning of the property. Its findings of the evidentiary facts are not complained of. The Court said:

"In 1929 * * * the City Council provided for a Planning and Zoning Commission. That Commission, among other things, was directed to make comprehensive studies of the present conditions and future growth of the City in the interests of health, safety and a coordinated adjustment and harmonious development of the City. That Commission was also directed to prepare a comprehensive zoning plan for the City. In 1934 the City Council adopted a comprehensive zoning plan for the City. At the time the Council adopted that Ordinance the two strips, heretofore referred to, were in use for businesses generally regarded as local in character. Those two strips together were approximately a block and a half in area. They were situated deep in the heart of an area deemed by the City Council to be desirable for residential use. The City Council * * * zoned that block and a half area as a Local Business District in accord with the use then being made of it. It strictly restricted the limits of that District to that block and a half area. The only changes in that block and a half area between 1934 and the commencement of this action were an increase in the traffic on Rockdale Road, the removal of the motel cabins from the north end of the strip, the addition to the Highway Commission garage, and the converting of a filling station to a drive-in."

"The Planning and Zoning Commission has consistently refused to recommend any extension to that block and a half area for business purposes and the City Council has consistently refused to allow such expansion. The Planning and Zoning Commission and the City Council have not permitted any intrusions for business or industrial purposes into that area zoned for residential purposes in this part of the City. That Commission and the City Council have regarded Grandview Avenue as a natural break on the north against encroachment of business places into an area zoned for residential purposes. The Planning and Zoning Commission has manifested special concern as to the traffic problem at the intersection of Rockdale Road and Grandview Avenue. It is apparent that the the Planning and Zoning Commission and the City Council are desirous of preventing the start of what could result in a gradual erosion of a desirable residential area. There is no claim made that the members of the Planning and Zoning Commission and the City Council in refusing to extend the Local Business District in question north of Grandview Avenue have been motivated by ill will or other improper motives. It is apparent that neither that Commission nor the City Council has showed any favoritism in the matter of preventing business intrusion into this residential area of the City, either generally or particularly."

Early in 1956 the State of Iowa, acting through the Iowa Highway Commission made plans to relocate Highway 51, running through appellant's property, and endeavored to negotiate purchase of the property from appellant on the basis of the value of the property as zoned for residential purposes. Appellant refused to sell on that basis and in March, 1956, condemnation proceedings were commenced to take appellant's property. The jury awarded damages in the amount of $12,000. Appellant has taken an appeal from that award to the District Court of Iowa, Dubuque County, and it is presently awaiting trial in that court.

The only issue tried in the court below, in the present case, was whether appellee denied appellant due process of law by its refusal to rezone appellant's property for Local Business District B

uses. The trial court found that the refusal to rezone was proper and legal under the police power granted to the City Council and did not constitute a denial to appellant of due process of law.

Appellant on this appeal contends that the Trial Court erred in failing to find as a fact that the rezoning of appellant's property for business purposes would not depreciate the surrounding property. He argues that where the point at issue is the rezoning of property located on the boundary of two zones, to allow a use which does not constitute a nuisance and for which the property is better suited, then the only equities to be weighed are the financial detriment to the appellant arising from the existing zoning ordinance as opposed to the financial loss to the adjoining property owners arising from rezoning appellant's property.

■■ The rule contended for by appellant does not appear to be the law of Iowa. The Supreme Court of Iowa in Anderson v. Jester, 206 Iowa 452, 221 N.W. 354, 357, held:

> "All regulation imposes limitation upon the full use and enjoyment of property and in a sense takes away property rights. Miller v. Schoene, 276 U.S. 272, 48 S.Ct. 246, 72 L.Ed. 568. That full use and enjoyment of a plot of ground is prohibited, that the excluded use is the most profitable to which the land can be put, or that the prohibition deprives the owner of profit that would otherwise be derived from such use, or that esthetic considerations incidentally enter into the determination does not invalidate the regulation."

and in City of Des Moines v. Manhattan Oil Company, 193 Iowa 1096, 1111, 184 N.W. 823, 188 N.W. 921, 23 A.L.R. 1322, that court said:

> "A district may be zoned as residential, and industrial enterprises excluded from it though it is sparsely settled and adapted for industrial uses."

Finally, in the recent case of Brackett v. City of Des Moines, 246 Iowa 249, 67 N.W.2d 542, 547, wherein the plaintiff testified that his properties would have a market value much greater as commercial than as residential property, the Iowa Court expressly repudiated the contention that market value should be the sole basis for zoning and declared: "This [value] is a circumstance, present in many cases, which although entitled to consideration, is not controlling." Cf., Geneva Inv. Co. v. City of St. Louis, 8 Cir., 87 F.2d 83, 90; Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S. Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016, 1023; Hadacheck v. Sebastian, 239 U.S. 394, 36 S.Ct. 143, 60 L.Ed. 348; Am. Jur., Zoning, Section 140.

Appellant contends that the City acted arbitrarily, discriminatorily, unreasonably and capriciously in its refusal to rezone his property and that the trial court erred in holding that the refusal to rezone was reasonable and proper.

Zoning in municipalities finds its authority under Chapter 414, Code of Iowa 1954, I.C.A., and these statutes have been sustained as a valid exercise of the police power for the purpose of promoting the health, safety, morals and general welfare of the community, city or town. Keller v. City of Council Bluffs, 246 Iowa 202, 66 N.W.2d 113, 116, 51 A.L.R.2d 251; Boardman v. Davis, 231 Iowa 1227, 3 N.W.2d 608; Anderson v. Jester, supra, 221 N.W. 357; City of Des Moines v. Manhattan Oil Co., supra, 184 N.W. 829. The Iowa Court in the Keller case held that "It is within a council's power and authority, however, to decide whether or not the property so [zoned] is similar in character and use to that of surrounding property, and when a sufficient showing has been made to reasonably support its judgment, such discretion may not be superceded by the court's different conclusion. There are other factors which may be considered, such as whether the action will increase the burden unjustly on the other surrounding property or be harmful to the health, safety and general welfare of the community, but in those matters again the council's discretion is controlling un-

less it is clearly shown to be arbitrary and capricious. * * * The burden is upon the plaintiffs * * * to establish that the acts of the council were arbitrary, unreasonable, unjust and out of keeping with the spirit of the zoning statutes." 66 N.W.2d 113, 116–117. Further, the Iowa courts have consistently held that "classification or regulation will not be held arbitrary, or unreasonable, or discriminatory, unless clearly so." Anderson v. Jester, supra, 221 N.W. 357; City of Des Moines v. Manhattan Oil Co., supra, 184 N.W. 829.

The record here shows that the action of the City Council and the Planning and Zoning Commission conforms to the comprehensive and uniform city-wide zoning plan. Evidence was presented and the trial court found that the Planning and Zoning Commission has, since the adoption of the Ordinance, 3–34 in 1934, consistently and without exception refused to recommend any extension of the block and a half area bordering appellant's property for business purposes and they have not permitted any intrusions for business or industrial purposes into that general area zoned for residential purposes. The evidence here established that the City Council and the Planning and Zoning Commission conformed to good city planning in the realm of zoning restrictions. They have regarded Grandview Avenue as a natural break on the north against encroachment of business places into an area zoned for residential purposes, and upon this and other facts, the Council concluded that the public welfare would be promoted by constituting that area, including appellant's property, as a residential area. The trial court, after complete examination and study of all the evidence and testimony presented, found that the action of the City Council in refusing to rezone appellant's property was proper and legal.

■ The findings of the District Court are presumptively correct and the evidence presented on this appeal does not show that they are clearly erroneous.

See Arena Company v. Minneapolis Gas Company, 8 Cir., 234 F.2d 451, 453–454.

■■ It is impossible for us to say that the City Council's conclusion in respect to rezoning appellant's property was clearly arbitrary and unreasonable. The most that can be said is that whether that determination was an unreasonable or unequal exercise of power is fairly debatable. In such circumstances, the law is well settled that the courts will not substitute their judgment for that of the legislative body charged with the primary duty and responsibility of determining the question. American Wood Products Co. v. City of Minneapolis, 8 Cir., 35 F.2d 657, 663; Zahn v. Board of Public Works, 274 U.S. 325, 328, 47 S.Ct. 594, 71 L.Ed. 1074.

In contending that the zoning is discriminatory, appellant points to two strips of land approximately a block and a half in area, on the south side of Grandview Avenue and south of his property which are zoned Local Business District B. However, the record shows that in 1934 when the City Council adopted the comprehensive zoning plan the two strips were in use for business; were regarded as local in character in conformity with the proposed ordinance; and were zoned as they were found.

■ The mere fact that appellant's property fronts on Grandview Avenue and to a certain depth is more favorably situated for commercial uses and has a greater value as commercial property does not justify the rezoning of the property to Local Business District B, especially in view of the comprehensive zoning plan of the City of Dubuque, which is designed to maintain the area north of Grandview Avenue as a desirable residential area. As this Court stated in American Wood Products Co. v. City of Minneapolis, supra, 35 F.2d at pages 661–662: "Of course the line of demarcation between property to be used for industrial purposes and residence purposes is necessarily in any case somewhat arbitrary, but can it be said that merely because the property on one side

of the railroad may be as good for industrial purposes as that on the other side that failure to draw the line so as to include all the property appropriate for industrial purposes within one area is such an arbitrary action as to render the same violative of the Constitution?"

This brings us to appellant's final contention that the trial court erred in failing to find that the refusal to rezone appellant's property for commercial use was a denial of due process of law under the Fourteenth Amendment to the United States Constitution.

The law is well settled that when constitutional questions are raised all reasonable intendments must be indulged in favor of the validity of the enactments. The prerogative of the courts to declare acts of the legislative body illegal because they transgress upon provisions of the State or Federal Constitution must be exercised with great care and only in compelling cases. Schwartzman Service v. Stahl, D.C., 60 F.2d 1034, 1037; Ketcham v. State of Iowa, 8 Cir., 41 F.2d 38, 40–41; Foster-Fountain Packing Co. v. Haydel, 278 U.S. 1, 49 S.Ct. 1, 73 L.Ed. 147; Stoner McCray System v. City of Des Moines, 247 Iowa 1313, 78 N.W.2d 843, 847; Central States Theatre Corp. v. Sar, 245 Iowa 1254, 66 N.W.2d 450, 453.

A zoning ordinance is for the purpose of promoting the public health, safety, general welfare, and represents an exercise of the police power by a municipality in its governmental capacity. Every zoning regulation affects property already owned by individuals and causes some curtailment of the rights of such owners by restricting prospective uses. Thus it may be said to lay an uncompensated burden upon some property owners. However, this is not regarded as depriving the owner of his property or such use of it as he may desire to make. It is merely a restraint upon the use of it for the protection of the general well-being, that is, to prevent harm to the public. In determining the validity of such police regulation the prime consideration must be the general purpose and relationship of the ordinance and not the hardship of an individual case. Brackett v. City of Des Moines, supra, 67 N.W.2d 547; Boardman v. Davis, supra, 3 N.W.2d 610.

While federal courts will not permit the destruction of private property under the pretense of police power, and will not hesitate to condemn the erratic exercise thereof, resulting in depriving parties of constitutional rights they will be equally careful not to interfere with that reserved power of the states properly exercised for the general welfare. American Wood Products Co. v. City of Minneapolis, supra, 35 F.2d at page 663. The evidence presented here does not establish that the action of the City Council was clearly arbitrary, unreasonable, or discriminatory. The fact that the zoning left the two corners of the intersection of Grandview Avenue and Rockdale Road for local business and the other two residential is not controlling. Grandview Avenue is a wide street and may well afford an appropriate and proper dividing medium for zoning purposes. The City Council, in determining and establishing this and other zones, acted within the scope of the police power as authorized by the statutes of the State of Iowa and this Court will not substitute its judgment as to the wisdom or propriety of such action, for that of the City Council. We think there was substantial evidence here to support the legislative classification of appellant's property as residential and that the legislative acts of the City Council cannot, therefore, properly be considered as confiscatory in their application to the property in question.

Finding no error, the decree of the trial court is affirmed.