PLAZA RECREATIONAL CENTER, a corporation, appellee, v. CITY OF
SIOUX CITY, a municipal corporation, et al., appellants.

No. 50355.

NOVEMBER 14, 1961.

Neil R. McCluhan, City Attorney, of Sioux City, for appellants.

Whicher & Davis, of Sioux City, for appellee.

LARSON, J.—Being displeased with a provision of Sioux City Zoning Ordinance No. R-3589, section 2, paragraph a, subsection 4, which states that only "bowling alleys and structures accommodating recreational activities which do not permit the consumption of beer or intoxicating liquor on the premises" may be operated in the district, plaintiff brought this declaratory-judgment action, contending such restriction goes beyond the city's power and is illegal, unconstitutional and void.

The case was tried to the court which found that there was no substantial relationship between the consumption of beer in this bowling alley and the public health, safety, morals or general welfare, that the conditional phrase "which do not permit the consumption of beer or intoxicating liquor on the premises" was null and void, of no legal force and effect, and enjoined its enforcement. We do not agree.

The city assigns as error the trial court's holding that there was a sufficient showing by plaintiff that the zoning ordinance was arbitrary, unreasonable, capricious, and discrimina-

tory, that the council exceeded its authority and discretion in adopting the ordinance in question, and that it was not a proper exercise of its police power. Thus the relevant facts become important.

We learn from the record that in 1928 Sioux City enacted its first zoning ordinance, that it has been amended many times, but it has been apparent over the years that districts were recognized and set up according to present and potential uses, and that general zoning was in effect. They included residential, multiple dwelling, commercial, light and heavy industrial districts. In February 1956 the city council established a new business or commercial district in the city designated D-1 Shopping District, by Ordinance No. R-3589. It provided in Section 4A-2 for seven zoning districts, including the D-1 Shopping District involved herein. Section 4A-6.01, "added" after Section 4A-6, Ordinance Q-13000, provided:

"A. USE REGULATIONS. In the 'D-1' District no buildings or premises shall be used for dwellings * * * and no buildings shall be hereafter erected or structurally altered save as provided in this Ordinance, except for one or more of the following uses:

"1. * * *

"4. Bowling alleys and structures accommodating recreational activities *which do not permit the consumption of beer or intoxicating liquor on the premises. * * *.*" (Italics supplied.)

Retail stores and shops, including department stores and restaurants, were subject to the same limiting clause.

The record further discloses at the time of the trial that this area, known as the Plaza Shopping Center, was the only D-1 district in the city, and that in addition to plaintiff's bowling alley a grocery store and a hardware store had been erected and were in operation. Other authorized businesses were in the process of being established. While a Class "C" beer license was issued to the grocery store, it permits sales for consumption *off the premises* only.

There are six other bowling alleys in Sioux City proper, and all have Class "B" beer licenses permitting consumption on the premises. All are in less restrictive zones, one in the heavy in-

dustrial zone, one in a commercial zone, and the other four in light industrial zones.

The Plaza Shopping Center had been taken from an exclusive Class A residential district, and all the area surrounding it is in the A residential zone, with homes valued from $9000 to $14,000 above those in districts where other bowling alleys are located.

Mr. Robert J. Selander, the city planner, testified that the purpose of the D-1 Shopping District was to serve residential areas and provide to those residents community services and goods without seriously detracting from the general character of the neighborhood. He testified he took into consideration, in setting up the district, the fact that it was for the purpose of forming safeguards to protect the general health and welfare of the residents near by and to protect values in the surrounding areas; that it was meant to decrease the usual objectionable features of commercial or light industrial areas where different types of uses were considered less offensive. Testimony of a property owner near by, a former mayor of Sioux City and a real-estate appraiser, tended to show those facts were taken into consideration by the authorities when they established this restricted zone permitting limited uses in the area, and that careful consideration was given to the effect the uses permitted in this district would have upon residences located within the vicinity.

Plaintiff was aware of the provisions of this ordinance when he purchased his lot in 1958, erected his structure and commenced operations. He does not claim his is a hardship case. Recently when certain bowling teams or groups complained of the restriction on his alley and threatened to take their business elsewhere, he raised objections to the involved proviso which he now says interferes with the full use of his authorized business on this premise.

The nub of the controversy, as stated by the learned trial court, is whether the city council, in the enactment of an ordinance creating a commercial shopping center, can authorize the operation of bowling alleys and other like establishments but so limit them as to prohibit the use or consumption of beer or

liquors upon the premises where such businesses may be conducted, and whether the city council, in doing so, exceeded its authority and discretion.

Actually the issue is whether plaintiff carried his burden to show arbitrary and unreasonable council action and whether the city council so discriminated against him that it exceeded its power and authority under the statute and the Federal and State Constitutions.

We have often and fully considered the statutes and general propositions involved. What we have here is principally a question of their proper application.

■ I. Zoning in Iowa municipalities finds its authority under chapter 414, Code of Iowa, 1958, and we have often sustained those statutes as a valid exercise of the police power. Brackett v. City of Des Moines, 246 Iowa 249, 67 N.W.2d 542; Keller v. City of Council Bluffs, 246 Iowa 202, 66 N.W.2d 113, 51 A. L. R.2d 251; Boardman v. Davis, 231 Iowa 1227, 3 N.W.2d 608; McMahon v. City of Dubuque, 8 Cir., Iowa, 255 F.2d 154; Anderson v. Jester, 206 Iowa 452, 221 N.W. 354.

Legislative authority to pass such ordinances is found in section 366.1, Code, 1958, and in sections 414.1, 414.2 and 414.3, Code, 1958, and we find the announced purpose and extent of that authority in the field of zoning. Section 414.1 provides: "For the purpose of promoting the health, safety, morals, or the general welfare of the community, any city or town is hereby empowered to regulate and restrict * * * the location and use of buildings * * * for trade, industry, residence, or other purposes." Section 414.2 provides that the council may divide the city into districts "and within such districts it may regulate and restrict * * * use of buildings, structures, or land." All regulations and restrictions must be uniform for each class throughout each district, "but the regulations in one district may differ from those in other districts." Section 414.3 provides the basis of regulations, and restates the purpose "to secure safety from fire, panic, and other dangers; to promote health and the general welfare; * * * to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transporta-

tion, * * * and other public requirements." It further provided that "reasonable consideration" shall be given "to the character of the area of the district and the peculiar suitability of such area for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such city or town."

 Plaintiff concedes that under such extensive grant of authority the city could have legally excluded bowling alleys from the new zone D-1, but contends since it did permit them, it could not interfere with the usual and customary operation of such business. This he claims includes the lawful public consumption of beer on the premises by patrons. Thus we are asked as to the legality of a restricted authorized use, i.e., a bowling alley permitting only soft drinks as refreshments for patrons. While we seriously doubt that the consumption of beer or liquor is a necessary or even a desirable adjunct of a bowling alley, yet our principal problem here is as to whether that restriction is unreasonable or arbitrary. The fact that beer may lawfully be consumed in public is not important, for zoning relates only to restriction of lawful uses. McMahon v. City of Dubuque, supra.

 II. Generally speaking, whether the ordinance involved exceeded the council's authority, or whether it was unconstitutional as being in conflict with the due process or equal protection clauses of the State or Federal Constitution, the burden to prove the proviso unreasonable, arbitrary, capricious or discriminatory is upon the one asserting the invalidity. Hermann v. City of Des Moines, 250 Iowa 1281, 97 N.W.2d 893, and citations. The rule is well settled that when constitutional questions are raised all reasonable intendments must be indulged in favor of the validity of the enactment. We have also constantly held a classification or regulation of the use of property within the municipality will not be held arbitrary unless clearly so, and that when the issue as to whether it was an unreasonable or unequal exercise of power is fairly debatable, courts will not substitute their judgment for that of the legislative body charged with the primary duty and responsibility of determining the question. McMahon v. City of Dubuque,

Boardman v. Davis, Hermann v. City of Des Moines, Brackett v. City of Des Moines, and Keller v. City of Council Bluffs, all supra. Also see McQuillin on Municipal Corporations, Third Edition Revised, Volume 8, section 25.60, page 128, and annotations in 139 A. L. R. 844 and 9 A. L. R.2d 885. The council exercised its judgment by enacting the ordinance in question.

We have searched the record with care and can find no substantial evidence tending to prove that the involved provision or regulation was in the legal sense unreasonable, arbitrary, capricious or discriminatory.

■ III. The test of whether a zoning ordinance is arbitrary and unreasonable is whether the means employed in the attempted exercise of the police power have any real, substantial relation to the public health, comfort, safety, and welfare, including the maintenance of property values. Keller v. City of Council Bluffs, supra, 246 Iowa 202, 66 N.W.2d 113, 51 A. L. R.2d 251; Steinberg-Baum & Co. v. Countryman, 247 Iowa 923, 77 N.W.2d 15; Great Atlantic and Pacific Tea Co. v. Mayor and Comrs. of City of Danville, 367 Ill. 310, 11 N.E.2d 388, 113 A. L. R. 1386; People ex rel. Deitenbeck v. Village of Oak Park, 331 Ill. 406, 163 N.E. 445; 101 C. J. S., Zoning, section 16, page 710.

■ It has been well said that municipalities may adopt any reasonable means to reduce the evils arising from the sale or use of alcoholic beverages. It is also generally recognized that traffic in intoxicating liquors bears such a substantial relationship to the public health, safety, morals, and general welfare as to make proper the restriction thereof to designated zones or districts, and such regulations duly enacted by authorized government agencies have been sustained insofar as they are reasonable and not unjustly discriminatory. Annotation, 9 A. L. R.2d 878.

Here evidently the council, residents of the area, and other authorities found the consumption of beer in public establishments in that area such as bowling alleys, other recreational facilities, restaurants, and retail stores and shops, would injure values of property in this highly-restricted residential area, would affront the residents for whom the area was developed

254

when they used the Center, and would not be in keeping with the character of that neighborhood. There is no convincing evidence to the contrary.

Preservation of the character of the neighborhood is a valid reason for zoning regulations. It is said in McQuillin on Municipal Corporations, supra, at page 59 of Volume 8, that "Zoning regulations promote the general welfare and are valid where they stabilize the value of property, promote the permanency of desirable home surroundings and add to the happiness and comfort of citizens." We also said in Anderson v. Jester, supra, at page 457 of 206 Iowa: "Reasonableness of a law or regulation depends on conditions existing when it is put into effect, * * *." The police power under which zoning exists has been extended throughout the country for the protection of the values established and contemplated. In 58 Am. Jur., Zoning, section 21, page 953, it is stated: "The modern tendency * * * is to uphold zoning regulations which formerly would have been rejected as arbitrary or oppressive, and in many cases objections to the validity of zoning restrictions on the ground that they are unreasonable, arbitrary, or oppressive, have been overruled." Our view here perhaps falls within one of those trends for the protection of persons and established property values. In the case of Steinberg-Baum & Co. v. Countryman, supra, 247 Iowa 923, 930, 77 N.W.2d 15, 19, we recently recognized and approved the trend and upheld the purpose of "promotion of prosperity and the general welfare" by the application of police power. In view of this trend, it must be concluded under this record that the involved restriction was not unreasonable or arbitrary in Zone D-1.

IV. It is true the right to operate a legitimate business is one which the State may not prohibit or *unreasonably restrict*, but may only regulate. Central States Theatre Corp. v. Sar, 245 Iowa 1254, 66 N.W.2d 450, and authorities cited. In Gilchrist v. Bierring, 234 Iowa 899, 909, 14 N.W.2d 724, 729, we approved a statement of the North Dakota court that as to a regulatory statute enacted under the police power, " 'Its real purpose must be to *protect* the public health, morals, or general welfare, and it must be reasonably required and

suited to attain that purpose. It cannot * * * arbitrarily invade personal rights or private property. It cannot disregard the constitutional guaranties.' " (Italics supplied.) In Jewel Tea Co. v. City of Geneva, 137 Neb. 768, 780, 291 N.W. 664, 670, the court said the police power could not be used to "impose unreasonable or unnecessary restrictions * * * under the guise of protection of the public." Such general pronouncements are sound and correct. However, no such invasion of plaintiff's rights appears in the matter at hand. As we have pointed out, this regulation of the use of bowling alleys in such zones does not impose an unreasonable restriction on the usual function and purpose of such a business, but does protect the public by preserving the property values and the character of the neighborhood. Plaintiff says he could increase his financial return by 10% to 20% if the proviso was not valid, but this is not a sufficient ground upon which to deny the otherwise reasonable regulation. This use restraint falls within the class of uncompensated burdens some property owners bear for the general well-being, for no one may use his property to increase his gain at the expense of or damage to his neighbor. McMahon v. City of Dubuque, supra.

V. We come now to plaintiff's contention that the restriction was discriminatory. He argues that under the record other businesses in Zone D-1 do not have this restriction, that other bowling alleys in the city have Class "B" beer licenses and are surrounded by homes and residences, and that such use poses no moral, safety or health problem and does not tend to reduce values in those neighborhoods.

We have already noted that no other bowling alley in the city is located in or surrounded by a residential zone similar to that in this neighborhood. Certainly, adequate grounds are found for this discrimination due to the difference in the character of the neighborhoods.

It is also clear that all public or semipublic businesses or establishments where liquid refreshments are usually available located in Zone D-1 are included in this restriction. The fact that the restriction was not placed on professional offices or

other semiprivate places of business is not an unreasonable or unjust discrimination. It cannot be said they are uses of like property similarly situated. *Keller v. City of Council Bluffs*, supra.

We are satisfied that all retail establishments in District D-1 are treated alike and that bowling alleys located in other zones are not so similarly situated as to require like restrictions upon their use.

VI. Plaintiff places considerable reliance upon the proposition that the council cannot by such a zoning ordinance withhold from him the normal and usual attributes of an authorized use, or restrict a use which is customarily incident thereto; that by attempting to do so it violates his constitutional right of due process. He cites and relies heavily upon the case of *Marie's Launderette v. City of Newark*, 35 N. J. Super. 94, 97, 99, 113 A.2d 190, 191, 192. There the validity of an ordinance authorizing "launderettes" and specifying " 'No pick-up or delivery by the management or others in connection therewith is permitted' " was challenged. The court held the provision invalid as arbitrary, unreasonable and discriminatory, saying, "It is well settled * * * that zoning restrictions upon real property must find their justification in some aspect of the police power exercised for the public welfare. The particular regulation must bear a substantial relation to the public health, safety, morals, comfort, convenience, or the general good and welfare in the proper sense; otherwise there would be an unwarranted intrusion on the basic right of private property." The court then pointed out the general requirement that regulations must be protective of the basic interests of society, and as only launderettes and hand laundries were prohibited pickup and delivery services in the business district, it was discriminatory and invalid.

We cannot quarrel with that determination or statement of the law, but find it inapplicable here. This is not the case where all other similar businesses in that zone are exempt from the restriction, and where there is no substantial or rational relation between the prohibition and the basic interests of the community. Significant is the language of the New Jersey court

when it said, "Basic to use-zoning is that the use restriction be general and uniform *in a particular district.*" (Italics supplied.)

While the "launderette" case was cited to support plaintiff's contention that delivery and pickup service was a necessary adjunct to the business and reference was made to the case of Novello v. Zoning Board of Adjustment, 384 Pa. 294, 121 A.2d 91, holding a car wash operation could not be prohibited where the zone permitted garages and oil stations, the same being accessory and incident to such uses, we must agree with the statement that it is a far cry from activities involving car washing and pickup service and the permitting of beer and liquor consumption in a bowling alley. Besides, the true basis of those decisions, it seems, is that other similar businesses were not so restricted, which made the discrimination unjustified, arbitrary, unreasonable, and therefore unconstitutional.

In addition, it occurs to us there is always an increased hazard or problem involving the morals, safety and health where beer and intoxicating liquor are used, and that its control does have a rational relation to the protection of the basic interests of society, and that it may well be confined to certain areas or zones where it may best be controlled.

There is no substantial evidence that the object of this restriction was to remove competition or to unreasonably restrict a use which does not interfere with the equally rightful enjoyment by others of their property, such as appears in the cases of Anderson v. Jester, supra, 206 Iowa 452, 221 N.W. 354, and State v. Logsdon, 215 Iowa 1297, 248 N.W. 4. As no unreasonable or arbitrary discrimination was shown, it must follow that the restrictive clause does not violate the due process or equal protection clauses of the State or Federal Constitution.

VII. The trial court did not pass upon plaintiff's contention that Ordinance No. R-3589 was invalid because Sioux City did not have comprehensive zoning, a prerequisite to the authority to zone granted the municipality under section 414.3, Code, 1958. The trial court indicated, however, it did not agree with plaintiff, and we certainly do not. Comprehensive zoning is said to be general zoning throughout a municipality according

to a comprehensive plan to control and direct the use and development of property in the area by dividing it into districts according to present and potential uses. McQuillin, Municipal Corporations, Third Edition Revised, Volume 8, section 25.07, page 28.

We find the record satisfactorily establishes that Sioux City has had a comprehensive plan for many years. As a matter of fact we recognized that fact in Call Bond and Mortgage Co. v. City of Sioux City, 219 Iowa 572, 582, 259 N.W. 33, 37. While referring to what is here Exhibit 3 (Zoning Ordinance No. O-1382, passed on October 19, 1928), the basic or original zoning ordinance in this area, we said: "The zoning ordinance introduced in evidence in this case is carefully drawn in conformity with the statute, and covers, generally and specifically, all the provisions of the statute." Furthermore, there is no merit in the argument that because that ordinance has been amended many times and a new comprehensive zoning ordinance is contemplated and planned, no comprehensive plan has been in existence. If trends and economic changes of the times appear, the council's discretion to change its plan is quite broad and it may amend the general ordinance any time it deems circumstances and conditions warrant such action. Keller v. Council Bluffs, supra, 246 Iowa 202, 207, 66 N.W.2d 113, 116, 51 A. L. R.2d 251. We are satisfied there was no showing that Ordinance No. R-3589 was not properly passed or was invalid because it failed to conform to a comprehensive plan then in existence in Sioux City.

VIII. It is our conclusion that the use and consumption of beer and intoxicating liquor is so fraught with safety and moral problems as to be the subject of zoning use regulations by a city council, and that the council's legislative discretion here was not abused when it determined that the character of this area was so constituted that these special protective measures were proper for the maintenance of the values established therein, and that the trial court erred in overriding that determination by the city council. Having found the controversial restriction in the ordinance valid, the judgment of the trial

court must be reversed and the injunction issued herein must be annulled.—Judgment reversed and injunction annulled.

All JUSTICES concur except BLISS, J., not sitting.