**UNITED STATES of America,**
**Plaintiff,**

v.

**Robert Bolivar DePUGH, Defendant.**

No. 22288–4.

United States District Court
W. D. Missouri, W. D.

Jan. 27, 1967.

F. Russell Millin, U. S. Atty., Calvin K. Hamilton, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

William H. Costello, William J. Gilwee, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

Defendant Robert Bolivar DePugh has filed a motion to dismiss alleging that the indictment (1) does not state facts sufficient to constitute an offense against the United States; (2) is based on a statutory section (Title 15, Section 902 (e) U.S.C.) that is unconstitutional by denying equal protection of the laws and stripping defendant of his "presumption of innocence until proven guilty beyond a reasonable doubt" to the charge pending in the Jackson County, Missouri Circuit Court; and (3) that the indictment in this Court is invalid because it is based on an invalid state indictment that is under attack.

Defendant did not wish an evidentiary hearing on his motion but relied on his contentions as presenting legal questions only.

■ Neither the motion nor the accompanying brief undertakes to illuminate defendant's contention that the indictment does not state sufficient facts. The Federal Firearms Act (52 Stat. 1250; 15 U.S.C. § 902(e)) provides: "It shall be unlawful for any person who is under indictment * * * of a crime punishable by imprisonment for a term exceeding one year * * * to ship, transport, or cause to be shipped and transported in interstate or foreign commerce any firearm or ammunition." The indictment clearly and plainly charges a violation of this section of the statute, and does state facts sufficient to constitute an offense against the United States. See, Downing v. United States, 348 F.2d 594 (5th Cir. 1965) cert. den. 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155; Schook v. United States, 337 F.2d 563, 567 (8th Cir. 1964); Willis v. United States, 289 F.2d 581, 584 (8th Cir. 1961).

■ Defendant's second contention is that the statute is unconstitutional, viz, an unlawful classification thus denying equal protection. Congress in its wisdom has set up two classes of persons which it deems to be of such special risk to law and order as to be denied the right to carry firearms in interstate commerce. The first class is those who have been convicted of a felony. It appears to be well established that this is a lawful classification. Congress has as its second classification denied the right to those who are under indictment for an offense punishable by imprisonment for a term exceeding one year or who are fugitives from justice. Thus, by this statute and its classification Congress has sought to protect the public by preventing the described transportation and possession of firearms and ammunition by those who, by their past conduct have demonstrated or indicated their unfitness to be entrusted with such dangerous instrumentalities. A person who is under indictment for alleged commission of a crime punishable by imprisonment for a term exceeding one year, or who is a fugitive from justice presents more than ordinary risk (even though he might later not be convicted of the offense charged) in transporting or possessing firearms. At least Congress must have so believed as a basis of this classification.[1] Grand jury procedure is estab-

---

1. The legislative history of the Federal Firearms Act shows that it was designed to regulate the manufacture of and the shipment through interstate commerce of all firearms:

"The committee has given much thought to coping with the firearms situation and to studying the best practicable means of combating it. It is believed that the bill above referred to

lished by law and is such as to minimize mistake or error. Grand jury indictments result only after careful consideration of evidence by the grand jurors. It is arguably not unreasonable to deprive a person of the right to carry in interstate commerce firearms while the indictment is pending. Schook v. United States, supra; Quinones v. United States, 1 Cir., 161 F.2d 79, cert. den. 331 U.S. 833, 67 S.Ct. 1513, 91 L.Ed. 1846; Braswell v. United States, 224 F.2d 706 (10th Cir. 1955).

■■■■ This Court is governed by the fundamental rule of statutory construction that a presumption of validity attaches to an Act of Congress, and that such presumption is not lightly overcome. See, United States v. National Dairy Corp., 372 U.S. 29, 32, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963) rehearing denied 372 U.S. 961, 83 S.Ct. 1011, 10 L.Ed.2d 13; McMahon v. City of Dubuque, Iowa, 255 F.2d 154, 160 (8th Cir. 1958), cert. den. 358 U.S. 833, 79 S.Ct. 53, 3 L.Ed.2d 70. So long as a rationally sound basis exists for the congressional determination or classification, that determination is within the constitutional power of Congress. Egan v. United States, 137 F.2d 369, 375 (8th Cir. 1943), cert. den. 320 U.S. 788, 64 S.Ct. 195, 88 L.Ed. 474; Stutz v. Bureau of Narcotics, etc., 56 F.Supp. 810, 813 (N.D. Calif. 1944). It is a

matter of legislative judgment. See, Kentucky Whip and Collar Co. v. Illinois Central Railroad Co., 299 U.S. 334, 57 S.Ct. 277, 81 L.Ed. 270 (1937).

Federal power to regulate interstate commerce in firearms by means of the Federal Firearms Act has been upheld many times since its enactment in 1938. See, Cases v. United States, 131 F.2d 916 (1 Cir. 1942) cert. den. Cases Velazquez v. United States, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718, rehearing denied 324 U.S. 889, 65 S.Ct. 1010, 89 L.Ed. 1437.

■■■ Defendant's third contention is that the indictment is invalid because it is based in part on an "invalid" state indictment that is under attack.[2] The crime charged in the indictment in this case was complete if a firearm was transported in interstate commerce while the transportor was under indictment. What may later occur to the state indictment, which on its face appears regular and charges a state felony involving maximum punishment of more than one year, is immaterial. This is clearly demonstrated by the Fugitive Felon Act which likewise involves the possibility that the fugitive who travels in interstate commerce to avoid *prosecution* for a felony may never in fact be prosecuted or found guilty upon such prosecution. The Courts have upheld

will go far in the direction we are seeking and will eliminate the gun from the crooks' hands, while interfering as little as possible with the law-abiding citizen from whom protests have been received against any attempt to take from him his means of protection from the outlaws who have rendered living conditions unbearable in the past decade." Senate: S.Rept. 82, 75th Cong., 2 (1937).
When the 1961 Amendment to the Act was under consideration, the Senate Report contained the following statement:
"Over the past few years the infiltration of racketeering into our society and the exploding crime rate have increasingly become a cause for national concern. New laws are needed to give the Federal Bureau of Investigation additional jurisdiction to assist local authorities in the common assault against

Crime. S. 1750, introduced at the request of the Attorney General as an integral part of an anti-crime legislative program, would be such a law. Additionally, it would make it more difficult for the criminal elements of our society to obtain firearms." Senate: S.Rept. 364, 87th Cong., 2 (1961).

2. The state indictment appears to be proper and valid on its face. It charges a state felony. One and one-half years after it was returned it has not been held invalid. The state indictment charges a violation of section 564.580 RSMo.1959 which reads in part: "Every person who has under his control a bomb or bombshell, * * * is guilty of a felony * * * (punishable) by imprisonment in the penitentiary for a term not less than two nor more than ten years."

the Fugitive Felon Act against constitutional attack of the instant nature. See, Lupino v. United States, 268 F.2d 799 (8th Cir. 1959); United States v. Brandenburg, 144 F.2d 656, 154 A.L.R. 1160 (3rd Cir. 1944); United States v. Miller, 17 F.Supp. 65 (W.D. Ky. 1936); Azzone v. United States, 341 F.2d 417 (8 Cir. 1965), cert. den. 381 U.S. 943, 85 S.Ct. 1782, 14 L.Ed.2d 706; Hemans v. United States, 163 F.2d 228 (6th Cir. 1947), cert. den. 332 U.S. 801, 68 S.Ct. 100, 92 L.Ed. 380, rehearing denied 332 U.S. 821, 68 S.Ct. 152, 92 L.Ed. 397.

While the 8th Circuit Court of Appeals has never had the precise question before it, in considering other questions it has used language supporting the validity of the questioned provision of the statute. See, Schook v. United States, 337 F.2d 563 (8th Cir. 1964) and cases there cited, especially Braswell v. United States, 224 F.2d 706 (10 Cir. 1955). And see, Deckard v. United States, 260 F.Supp. 565 (E.D. Mo. 1966).

In summary, the motion of defendant to dismiss the indictment is found to be without merit and is overruled and denied.