E AND G ENTERPRISES, d/b/a Plaza Furniture Mart, Plaintiff-Appellant,

v.

The CITY OF MOUNT VERNON, Iowa, Fred Dumbaugh, Robert Campagna, Gordon Rahn, Robert Sautter, Robert Wolfe, John Moser and Earl Wolvers, Defendants-Appellees.

No. 84–917.

Court of Appeals of Iowa.

June 25, 1985.

Tom Riley, Peter C. Riley and Mary K. Hoefer, Cedar Rapids, for plaintiff-appellant.

Diane Kutzko and Patrick M. Roby of Shuttleworth & Ingersoll and Mike J. Newmeister, Cedar Rapids, for defendants-appellees.

Heard by OXBERGER, C.J., and SCHLEGEL, and HAYDEN, JJ.

SCHLEGEL, Judge.

Plaintiffs, E & G Enterprises (a partnership doing business as Plaza Furniture Mart), and the individual partners, appeal a judgment upholding the validity of a zoning ordinance. We affirm.

At issue in this case is the zoning ordinance of defendant City of Mount Vernon. Since 1973 Mount Vernon has had a zoning ordinance that provides for two business districts, which are designated C (commercial) district and HC (highway commercial) district. The C district encompasses Mount Vernon's downtown business area. The HC district is located in the vicinity of the junction of Highway 1 and Highway 30.

The zoning ordinance was designed to protect and preserve Mount Vernon's downtown business area. Thus, the businesses permitted in the HC district are quite limited and mainly provide services for the highway user, although some businesses that do not cater to highway users are allowed to operate in the HC district because they are incompatible with the downtown district.

In June of 1981, one of the partners of E & G Enterprises applied for a building permit. The proposed building was to be on property zoned HC. The permit application stated the building was to be used as an auction house, a use permitted in the HC district. The permit was granted, the

building was built, and E & G Enterprises used the building for furniture liquidation sales, flea markets, arts and crafts shows, and gun shows. E & G Enterprises decided, however, that those activities were not sufficiently profitable, so it changed the use of the building to a full-time furniture retail outlet. That use is specifically permitted in Mount Vernon's C district, but not in the HC district. Shortly after the change, plaintiff was given notice by the City of Mount Vernon that the furniture store violated the zoning ordinance.

Plaintiffs tried to have the zoning ordinance amended. When that effort failed, plaintiffs filed an action for declaratory judgment, seeking to have the zoning ordinance struck down. The district court ruled in favor of the defendants and upheld the ordinance.

I. *Applicable Law.* The law to be applied when the validity of a zoning ordinance is challenged was stated in *Anderson v. City of Cedar Rapids* as follows:

> We have repeatedly held zoning is an exercise of police powers delegated by the state to municipalities, and to be strictly construed....
>
> However, in the enactment of such ordinances, including amendments thereto, a city or town exercises vested legislative powers attended by a strong presumption of validity, which means if facially valid, and reasonableness of the enactment is fairly debatable, it must be allowed to stand....
>
> Stated otherwise, courts will not substitute their judgment as to wisdom or propriety of action by a city or town council, acting reasonably within the scope of its authorized police power, in the enactment of ordinances establishing or revising municipal zones....
>
> Furthermore, we said in *Plaza Recreation Center v. City of Sioux City*, supra, loc. cit., 253 Iowa 253, 111 N.W.2d 763: "The test of whether a zoning ordinance is arbitrary and unreasonable is whether the means employed in the attempted exercise of the police power have any real, substantial relation to the public

health, comfort, safety, and welfare, including the maintenance of property values...."

168 N.W.2d 739, 742 (Iowa 1969) (citations omitted).

■ The court in *Anderson* further stated:

> Generally speaking, whether the ordinance involved exceeded the council's authority, or whether it was unconstitutional as being in conflict with the due process or equal protection clauses of the state or federal constitution, *the burden to prove the proviso unreasonable, arbitrary, capricious or discriminatory, is upon the one asserting the invalidity. Hermann v. City of Des Moines,* 250 Iowa 1281, 97 N.W.2d 893 [(1959)], and citations. The rule is well settled that when constitutional questions are raised all reasonable intendments must be indulged in favor of the validity of the enactment. We have also constantly held a classification or regulation of the use of property within the municipality will not be held arbitrary unless clearly so, and that when the issue as to whether it was an unreasonable or unequal exercise of power is fairly debatable, courts will not substitute their judgment for that of the legislative body charged with the primary duty and responsibility of determining the question.

*Id.* (quoting *Plaza Recreational Center v. City of Sioux City,* 253 Iowa 246, 252, 111 N.W.2d 758, 762 (1961)) (emphasis in *Anderson* opinion).

II. *The Merits.* We hold that plaintiffs have not met their burden of showing that the zoning ordinance in question is unreasonable, arbitrary, capricious, or discriminatory.

■ Although there is no Iowa case on point, we hold that Mount Vernon's effort to preserve its downtown business area is a valid exercise of police power. The evidence presented at trial shows that preservation of that area promotes the public welfare, including the maintenance of property values. Courts in other states have

reached the same conclusion. *See Forte v. Borough v. Tenafly*, 106 N.J.Super. 346, 255 A.2d 804, 806 (1969); *Chevron Oil Co. v. Beaver County*, 22 Utah 2d 143, 449 P.2d 989 (1969).

The evidence also showed that the classifications in the zoning ordinance were fairly debatable. Thus, we do not substitute our judgment for that of the appropriate legislative body. Finally, there is no merit to plaintiffs' argument that the zoning ordinance discriminates against them by treating their business differently from other, similar businesses. The district court's decision must be affirmed. .

AFFIRMED.

OXBERGER, C.J., concurs.

HAYDEN, J., dissents.

HAYDEN, Judge (dissenting).

I respectfully dissent. Although it is true that zoning ordinances are presumed to be valid and the burden of proof falls on the party attacking its validity, it is also the case that the power to zone must be strictly construed. *Business Ventures, Inc. v. Iowa City*, 234 N.W.2d 376, 381 (Iowa 1975). In order to be upheld each zoning restriction must be analyzed to see whether the means employed have a real and substantial relation to the public health, comfort, safety, and welfare. *F.H. Uelner Precision Tools & Dies, Inc. v. City of Dubuque*, 190 N.W.2d 465, 468 (Iowa 1971).

I do not doubt that the stated purpose of the zoning classifications, namely to preserve the city's downtown business area, is a legitimate one. However, the means employed in this case are overly restrictive and unreasonable. The effect of the regulations is not only to keep businesses incompatible with the downtown area out, but also to force certain businesses to remain downtown if they wish to operate. Retail furniture stores are one of the businesses that can only be operated downtown. Other businesses such as restaurants, taverns, cocktail lounges, and printing shops are allowed to exist in both the downtown and highway commercial zones. Furthermore, plaintiffs could operate their furniture store in the highway area if they auctioned the furniture rather than selling it in the normal retail fashion. The evidence also showed that there were no available buildings in the downtown area for plaintiffs to purchase or rent in order to move their business to comply with the law. I would reverse the trial court because the city's zoning regulations are unreasonable as applied to plaintiff.